# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CAUSE NO.   4:17CR1 |
| | § | |
| FEISHENG LIANG (1) | § | |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** FeiSheng Liang, Defendant, and files this Brief in Support of Motion to Suppress and shows the following:

*Due Process*

- *Issue: Whether the destruction of Yue Shan Wei Yu (vessel) by the United States Coast Guard (USCG) prevents Mr. Liang from having a fair trial.*

To obtain dismissal of an information based on the government's destruction of evidence, a defendant must establish the following: (1) the destroyed evidence possesses exculpatory value that is apparent before the evidence is destroyed, (2) the destroyed evidence is of such a nature that the defendant is unable to obtain comparable evidence by other reasonably available means, and (3) the government acted in bad faith in failing to preserve the potentially useful evidence. *Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 3333, 102 L. Ed. 2d 281 (1988).

The vessel possessed exculpatory value that was apparent before the evidence was destroyed. After illegally entering the vessel, the boarding team for the USCG conducted a test upon the boat. The test was an ION swab for the detection of trace amounts of contraband. The ION swabs came

back negative. (EX 1). The ION swab results were completed on November 25, 2016, eight (8) days before the sinking of the vessel. Furthermore, depicted in the Government's discovery are what appear to be two deep freezers capable of storing fish, food, and other items to show that Mr. Liang was indeed on a fishing trip and not on a drug smuggling operation. (EX 2). Finally, at least one individual on the boat will testify that Liang and others on the boat routinely fished while on the boat. His contention is that there was fishing equipment not shown or preserved by the USCG. Therefore, the boat contained evidence of exculpatory value that was known and apparent prior to the destruction of the vessel.

Next, the destroyed evidence is of such a nature that Liang is unable to obtain comparable evidence by other reasonable means. Mr. Liang cannot get his own experts to conduct tests on the boat to show that there was never contraband on the vessel. The Government will contend that their ION tests are sufficient and because those were given, part 2 of the test is not met. While they did do tests, those tests were done only on certain parts of the vessel. Liang is prevented from showing that the ION tests, if done throughout the vessel, would have come up with negative results throughout the vessel. Furthermore, Liang is denied from conducting other tests more comprehensive than an ION test. He is limited to that one and only test.

The Government will contend that sinking of the boat was necessary because it was a hazard to the water ways. It will show videos of a vessel in a dilapidated state, holes from rust, multiple patch work done, and an unsafe storage area. It contends that over 1 ton of cocaine was stored on this vessel. If that is the case, Mr. Liang cannot produce evidence on whether the vessel was capable of storing a ton of cargo inside it. It cannot show that it is impossible due to the state of the vessel to actually hold that amount of any substance or contraband without issue.

Additionally, Liang is prevented from defending himself in showing that the freezers were

working. The government will contend that the freezers were not in working order and nothing was inside. However, no pictures or video were taken of the inside of the freezers. Liang is unable of showing a jury the size, capacity, and other evidence the freezers might show because no documentation was taken of such items. Therefore Mr. Liang cannot produce any comparable evidence by reasonable means.

The Government will contend that the testimonies of the officers are sufficient to obtain comparable evidence. It will contend that the officers can testify to these issues and give evidence to address each one. However, the USCG has showed that it is untrustworthy in this case. The USCG claims to have received consent to board the vessel from China on November 25, 2016. (EX 3). However, no letter, wire, or other documents show such consent was given. China, it its own words, did address the issue. It stated very clearly that it never gave such consent, and was "dissatisfied, and requests the U.S. side to avoid such things to happen again." (EX 4). Because of this, Liang is barred from any comparable evidence.

Finally, the Government acted in bad faith in failing to preserve the potentially useful evidence. The inquiry into bad faith must necessarily turn on the government's knowledge of the exculpatory value of the evidence at the time it was destroyed. *Arizona v. Youngblood,* 488 U.S. at 56. The court's determination regarding bad faith is a mixed question of fact and law, in which the quintessentially factual question of intent predominates…*United States v. Richard,* 969 F.2d 849, 853 (10th Cir. 1992). In the case at hand the vessel was operating in open waters for the last two months. (EX 5). It was known to contain exculpatory evidence at the time of the sinking. The USCG had capabilities to preserve the evidence by towing it to a safe harbor. Finally, the USCG chose what evidence to preserve and what to ignore prior to sinking of the vessel.

The Government will contend that the USCG was authorized to destroy the vessel under 14

U.S.C. § 88(a)(4). However, it is Liang's position that the authorized actions cannot override the due process afforded to individuals. Furthermore, it was known that the vessel was operational until the time of the stop. The USCG kept the individuals on the vessel for many days and did not allow Liang or the co-defendants, to attempt to fix the vessel, nor the The USCG make any attempt to fix the vessel. For all these reasons, the Government acted in bad faith in preserving the useful evidence.

Respectfully submitted,

*/S/ Matthew D. Hamilton*

_____

Matthew D. Hamilton
State Bar No. 24073146
matt@jarvishamilton.com
123 West Houston
Sherman, Texas 75090
Tel: (903) 892-8500
Fax: (903) 892-8550

## CERTIFICATE OF SERVICE

This is to certify that on the 17th day of July, 2018, a true and correct copy of the above and foregoing Motion was filed electronically, and through that system, all parties, including Jay Combs, the Assistant United States Attorney handling this case, have had this Motion forwarded to them.

*/S/ Matthew D. Hamilton*

_____

Matthew D. Hamilton