# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 4:17-CR-00001 |
| | § | Judge Mazzant |
| FEISHENG LIANG (1) | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Feisheng Liang's Motion to Compel Discovery (Dkt. #365). After considering the motion, the response, and all other relevant filings and evidence, the Court finds the motion should be **DENIED**.

## BACKGROUND

In 2017, a grand jury indicted Defendant Feisheng Liang with four counts under the Maritime Drug Law Enforcement Act:

(1) Conspiracy to Possess with the Intent to Distribute Cocaine While on Board a Vessel Subject to the Jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(a), (b);

(2) Possession with the Intent to Distribute Cocaine While on Board a Vessel Subject to the Jurisdiction of the United States and Aiding and Abetting, in violation of 46 U.S.C. § 70503(a)(1) and 18 U.S.C. § 2;

(3) Conspiracy to Possess with the Intent to Distribute Cocaine Base While on Board a Vessel Subject to the Jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), and 70506(b); and,

(4) Possession with the Intent to Distribute Cocaine Base While on Board a Vessel Subject to the Jurisdiction of the United States and Aiding and Abetting, in violation of 46 U.S.C. § 70503(a)(1) and 18 U.S.C. § 2.

(Dkt. #318 at p. 4). On August 2, 2018, a jury found Defendant guilty on Counts 2 and 4, but not guilty on Counts 1 and 3 (Dkt. #232). The Court sentenced Defendant to life imprisonment (*see* Dkt. #336). On February 24, 2020, the United States Court of Appeals for the Fifth Circuit

affirmed Defendant's sentence (Dkt. #366 at p. 3).

During the summer of 2021, the Government became aware that the United States Coast Guard (the "Coast Guard") may have information related to Defendant's arrest that was not previously disclosed (Dkt. #366 at p. 3). On July 28, 2021, the Government notified Defense counsel of the situation and subsequently entered into an agreement to toll Defendant's deadline to file a motion for new trial due to newly discovered evidence (Dkt. #365 at p. 1). *See* FED. R. CRIM. P. 33. Then, from August 30 until September 2, 2021, the Government reviewed audio recordings, notes, and logs of chat conversations made by the Coast Guard around the time it interdicted Defendant's vessel, the *Yue Shan Wei Yu* (Dkt. #366 at p. 3).

After completing its review, the Government determined that none of the audio recordings pertained to the *Yue Shan Wei Yu* (Dkts. #365 at p. 1, #366 at p. 3). Further, the Government found that although some chat logs and notes related to the interdiction of the *Yue Shan Wei Yu*, "they did not contain any material disclosable under [Rule] 16, *Brady*, *Giglio*, or *Jencks*" (Dkt. #366 at p. 3). Thus, "due to the nature of the information, it being deemed classified," the Government refused to produce any of the information it reviewed (Dkt. #365 at p. 2).

On September 21, 2021, Defendant filed the present motion (Dkt. #365). On October 5, 2021, the Government filed a response (Dkt. #366).

## LEGAL STANDARD

"There is no general constitutional right to discovery in a criminal case . . ." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *accord United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979). "Rather, discovery in criminal cases is narrowly limited and is largely governed by the Federal Rules of Criminal Procedure." *United States v. Ware*, No. 9:18-CR-43, 2019 WL 2268959, at *1 (E.D. Tex. May 24, 2019) (citing *United States v. Fischel*, 686 F.2d 1082, 1090 (5th Cir.

1982)). Rule 16 is a discovery tool that protects defendants by requiring the prosecution disclose certain evidence. *Yates v. United States*, 574 U.S. 528, 539 (2015); *see* FED. R. CRIM. P. 16. Specifically, Rule 16(a)(1)(E) requires the disclosure of documents and other tangible items "within the government's possession, custody, or control" that (i) are material to preparing the defense, (ii) the government intends to use in its case-in-chief at trial, or (iii) were obtained from or belong to the defendant. FED. R. CRIM. P. 16(a)(1)(E).

To obtain discovery under Rule 16, "it is incumbent upon a defendant to make a prima facie showing of materiality." *United States v. Pawlak,* No. 3:16-CR-306-D(1), 2017 WL 2362019, at *3 (N.D. Tex. May 30, 2017) (quoting *United States v. Buckley*, 586 F.2d 498, 506 (5th Cir. 1978)). "Materiality . . . requires 'some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor.'" *United States v. Reeves*, 892 F.2d 1223, 1226 (5th Cir. 1990) (quoting *United States v. Ross*, 511 F.2d 757, 763 (5th Cir. 1975)).

In addition to Rule 16 obligations, "[u]nder *Brady* and its progeny, due process requires that the prosecution disclose evidence that is both favorable to the defendant and material to guilt or punishment." *Floyd v. Vannoy*, 894 F.3d 143, 161 (5th Cir. 2019) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). As stated by the Fifth Circuit, "*Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligations." *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978) (citing *United States v. Agurs*, 427 U.S. 97, 107 (1976)). Thus, "[t]he duty to disclose 'exists irrespective of a request from the defense' and applies to 'all evidence known not just to the prosecutors, but to others acting on the government's behalf in the case, including the police.'" *United States v. George*, No. 17-201, 2019 WL 4982324, at *1 (E.D. La. Oct. 8, 2019) (quoting *Floyd*, 894 F.3d at 161–62).

"To establish a *Brady* violation, a defendant must show: (1) the evidence at issue was favorable to the accused, either because it was exculpatory or impeaching; (2) the evidence was suppressed by the prosecution; and (3) the evidence was material." *United States v. Dvorin*, 817 F.3d 438, 450 (5th Cir. 2016) (citations omitted). For the purpose of a *Brady* analysis, "[e]vidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Cessa*, 861 F.3d 121, 128 (5th Cir. 2017) (quoting *Dvorin*, 817 F.3d at 451); *see also Strickler v. Greene*, 527 U.S. 263, 280 (1999).

## ANALYSIS

Defendant seeks an order compelling the Government to produce audio recordings, chat logs, and notes created by the Coast Guard around the time of Defendant's arrest (Dkt. #365). The Government opposes the request, arguing that while "some of the chat logs and notes relate[] to the interdiction of the *Yue Shan Wei Yu*," the information is either not relevant or duplicative of material already provided (Dkt. #366 at p. 3). Defendant "respectfully disagrees" and wishes "to make [his] own determination as to the nature of the material" (Dkt. #365 at p. 2).

As a preliminary matter, Defendant makes his request "pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E) for the discovery and production of potential exculpatory and material evidence" (Dkt. #365 at p. 1). Even though Defendant only references Rule 16, the Court will analyze Defendant's motion under both Rule 16 and *Brady*. *See Floyd*, 894 F.3d at 161–62 (the *Brady* "duty to disclose exists irrespective of a request from the defense"); *see also United States v. Caro*, 597 F.3d 608 (4th Cir. 2010) (comparing due process disclosure requirements of exculpatory and impeachment evidence under *Brady* with procedural discoverability of tangible evidence under Rule 16).

However, regardless of the rule applied, Defendant has not shown that he has a clear right to the discovery sought or that the Government is under any duty to provide Defendant with discovery at this stage in the proceedings.

## I.   Request for Disclosure Under Rule 16

Defendant requests discovery under Rule 16 (Dkt. #365 at p. 1). However, Rule 16 is not applicable in this case because Defendant's request arises post-conviction. "Both the language and history of Rule 16 indicate that it addresses only pretrial discovery." *United States v. Nobles*, 422 U.S. 225, 235 (1975). The Government has no duty, therefore, under Rule 16 "to engage in post-conviction discovery." *United States v. Jeffries*, No. 1:07CR56, 2010 WL 785355, at *1 (W.D.N.C. Mar. 4, 2010); *see also United States v. Astacio-Espino*, No. 12-200, 2017 WL 11527889, at *4 (D.P.R. Feb. 13, 2017) ("the continuing duty of parties to disclose under the Rule ends upon conviction").

After a trial by jury, Defendant was convicted on August 2, 2018 (Dkt. #232). Thus, Rule 16 "has no application here, where the defendant has already been tried and convicted." *United States v. Prather*, No. 3:10-CR-218-D, 2016 WL 6893626, at *1 (N.D. Tex. Nov. 23, 2016) (citations omitted); *see also Hudgens v. United States*, No. 3:18-CR-0573-B-BH, 2020 WL 6683127, at *1–2 (N.D. Tex. Nov. 12, 2020); *United States v. Felix*, 298 F. App'x 905, 906 (11th Cir. 2008) (affirming denial of defendant's discovery motion filed after conviction and sentencing because district court lacked jurisdiction to provide relief under Rule 16); *United States v. Merkosky*, No. 1:02-CR-168, 2007 WL 2601390, at *2 (N.D. Ohio Sept. 10, 2007) (Rule 16 "does not authorize post-conviction discovery.").

Outside of the context of a Section 2255 proceeding or a motion pursuant to Rule 33—neither of which Defendant has pursued—this Court is not authorized by Rule 16 to consider

Defendant's post-conviction request for discovery. *See* 28 U.S.C. § 2255; Fed. R. Crim. P. 33; *see also United States v. McNair*, 1:00CR89-DCB, 2011 WL 2194015, at *1 (S.D. Miss. June 6, 2011) (discussing the application of Section 2255 and Rule 16 in the context of post-conviction discovery).

## II.   Disclosure of Evidence Under *Brady*

In contrast to Rule 16, "*Brady* violations are generally raised and adjudicated post-trial, upon the revelation by the government or discovery by the defense of information favorable to the accused that should have been disclosed before trial." *United States v. Grace*, 401 F. Supp. 2d 1069, 1077 (D. Mont. 2005). Further, *Brady* is not a discovery device and does not create for a criminal defendant a constitutional right to discovery. *Weatherford*, 429 U.S. at 559. *Brady* requires disclosure only where the government has withheld favorable evidence, i.e., exculpatory or impeaching evidence, that is material to the guilt or punishment of the defendant. *Dvorin*, 817 F.3d at 450. Favorable evidence is material where "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Cessa*, 861 F.3d at 128 (quoting *Dvorin*, 817 F.3d at 451).

Accordingly, to establish entitlement to information under *Brady*, Defendant must show that the Government withheld favorable information material to his defense. However, Defendant has not even shown that the information requested contains impeachment or exculpatory evidence, much less that it would be material to him. Defendant simply disagrees with the Government's determination that the requested records are immaterial and wishes to make his own determination (Dkt. #365 at p. 2). But a criminal defendant making broad allegations for disclosure has no constitutional right to examine confidential government files "both relevant and irrelevant[ ] [to] present arguments in favor of disclosure." *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987); *accord*

*Montez v. Thaler*, 2012 WL 487094, at *12 (N.D. Tex. Jan. 27, 2012). Unless a defendant has made a plausible showing that the documents sought will produce material evidence, the government's decision on disclosure is final. *Id.* Defendant has made no such plausible showing.

Thus, without citing any relevant case law or making any supporting argument, Defendant's claims of "potential exculpatory and material evidence" (Dkt. #365 at p. 1) are merely speculative, and "[a]llegations that are merely 'conclusionary' or purely speculative cannot support a *Brady* claim." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000); *see also Agurs*, 427 U.S. at 109–10 ("The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense."); *Caro,* 597 F.3d at 619 (a defendant's mere speculation "as to what the requested information might reveal, [ ] cannot satisfy *Brady's* requirement of showing that the requested evidence would be 'favorable to [the] accused.'") (quoting *Brady*, 373 U.S. at 87).

## CONCLUSION

Based on the foregoing, it is therefore **ORDERED** that Defendant Feisheng Liang's Motion to Compel Discovery (Dkt. #365) is **DENIED.**

**IT IS SO ORDERED.**

**SIGNED this 16th day of November, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE